IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| DAVID J. D'ADDABBO<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO SUBSTITUTE PARTIES<br><br><br><br>Case No. 1:08-CV-002 |

This matter comes before the Court on Defendant's Motion to Substitute Parties.[1]  For the reasons discussed below, the motion will be granted.

I.    Factual Background

   A.    Previous Case

Plaintiff David J. D'Addabbo was arrested on March 19, 2006, however, the charges against Plaintiff are not entirely clear from the complaint, other than it appears as though Plaintiff had some trouble with the IRS.  In one of his subsequent filings, Plaintiff references a previous case in which he was indicted under 26 U.S.C. § 7212(a) for impeding and impairing the IRS in

---

[1]Docket No. 2.

1

connection with petitions he filed with the United States Tax Court regarding the attempted collection of taxes from Linda Lou D'Addabbo.[2]  A superceding indictment was filed on April 12, 2006, adding more charges for mailing threatening communications and threatening a federal official.[3]  Three counts were eventually dismissed and Plaintiff entered a guilty plea on the fourth.

        B.       Instant Action

In this case, Plaintiff asserts that he "was and still is, investigating crimes of the IRS and other agencies, for the people of the United States of America and was petitioning the IRS for Redress of illegal actions.  The Plaintiff did try to warn these agencies of their wrong doings so they would repent of their illegal activities[.]"[4]  Plaintiff also asserts that he was falsely arrested and subjected to mistreatment at the hands of Special Agents Austin, Richards, and Weber and Cache County Sheriff deputies for his "Patriotic actions of working without pay, to expose these crimes being committed by the IRS, other agencies in governments and private for profit banks."[5]  Plaintiff was incarcerated for 158 days in the Weber and Cache County jails and seeks 158 million dollars in damages, one million dollars for each day of his incarceration.

II.      Procedural History

Plaintiff filed a complaint in First District Court in Cache County asserting several causes of action sounding in tort.  Plaintiff named as defendants the Office of the Treasury General for

---

[2]Case No. 2:06-CR-147 DB, Docket No. 1.

[3]Case No. 2:06-CR-147 DB, Docket No. 13.

[4]Cmplt. at 7 (Docket No. 1, Ex. 1).

[5]*Id*. at 4.

Tax Administration, Special Agent Austin and Special Agent Richards.

The government filed a Notice of Removal, pursuant to 28 U.S.C. § 2679(d)(2).[6] The government has also filed a motion to substitute the United States of America in place of the Office of the Treasury General for Tax Administration, pursuant to 28 U.S.C. § 2679(b)(1).[7] The United States Attorney for the District of Utah has certified that at the time of the alleged conduct, the special agents were acting within the scope of their employment for the Treasury Inspector General for Tax Administration.[8]

Plaintiff opposes both the substitution of parties and the removal to federal court and has filed several documents in connection therewith.[9]

    III.    Discussion

        A.    Removal to Federal Court

Section 2769(d)(2) states:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office

---

[6]Docket No. 1.

[7]Docket No. 2.

[8]Docket No. 3.

[9]Docket Nos. 7, 8, 9, 14, and 15.

or employment for purposes of removal.[10]

In this case, the attorney general has certified that the special agents were acting within the scope of their employ when Plaintiff was arrested. Plaintiff does not dispute this, but instead asserts that because the events took place in Cache County and traveling to Salt Lake City would present a hardship, the case should not be removed.

Plaintiff's bald assertions that the case is not under the jurisdiction of the federal court[11] do not take into account the above-cited statute, which requires that cases such as this which are filed in State court "shall be removed without bond at any time before trial by the Attorney General to the district court []." As for the hardship presented to Plaintiff, the Court finds that the distance between Plaintiff's residence in Hyrum, Utah and Salt Lake City, Utah, to be approximately 80 miles. The Court recognizes that this could present some difficulty, however, Plaintiff is able file documents via mail and will only be required to make an appearance in court in the event of a hearing or trial. Further, Plaintiff states in his complaint that he "believes [h]e may NOT gain fair hearings in Cache County."[12] Thus, pursuant to the law and for the reasons detailed above, the Court finds that this case was properly removed.

B.   Substitution of Parties

"[U]nder § 2679(d)(1), if the attorney general certifies that a federal employee was acting in the scope of his office or employment at the time of the incident, the employee is dismissed and the United States is substituted as the defendant. The case then falls under the purview of

---

[10] 28 U.S.C. § 2679(d)(2).

[11] Docket No. 15 at 4.

[12] Cmplt. at 5 (Docket No.1, Ex. 1).

the Federal Tort Claims Act."[13]  The Federal Tort Claims Act grants the district courts "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."[14]

In this case, the attorney general has certified that Special Agents Austin and Richards were acting within the scope of their employment when they arrested Plaintiff.  Plaintiff states in his complaint that the actions of the special agents were committed "in their own capacities as civil servants."[15]  In a separate filing made by Plaintiff, he also asserts that "Claiming the Defendants acted within their scope of being federal employees at work. Would [sic] be a clear admission of wrong doing by the United States of America."[16]  The Court finds that pursuant to the above-cited statutes, substitution of the United States on Plaintiff's state law causes of action is proper.

IV. Conclusion

It is therefore

ORDERED that pursuant to the provisions of 28 U.S.C. § 2679(b)(2) and § 2679(d)(2), any state law claims set forth in Plaintiff's Complaint are dismissed with respect to defendants Office of the Treasury General for Tax Administration, Special Agent Austin and Special Agent

---

[13]*Daugherty v. United States*, 73 Fed. Appx. 326, 329 n. 2 (10th Cir. 2003).

[14]28 U.S.C. § 1346(b)(1).

[15]Cmplt. at 1 (Docket No.1, Ex. 1).

[16]Pl.'s Response at 4 (Docket No. 7).

Richards on the ground that the exclusive remedy for these claims is an action against the United States and because the United States has been substituted as the sole defendant on those claims. It is further

ORDERED that Defendant's Motion to Substitute Parties (Docket No. 2) is GRANTED. The Office of the Treasury General for Tax Administration is dismissed from this case and the caption of this action shall be amended to reflect the substitution of the United States as the sole defendant for the state law claims.  Special Agents Austin and Richards remain as defendants for Plaintiff's claims of constitutional violations only.

DATED   April 3, 2008.

                          BY THE COURT:

_____
TED STEWART
United States District Judge