IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| DAVID J. D'ADDABBO, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> UNITED STATES OF AMERICA, SPECIAL AGENTS AUSTIN AND RICHARDS, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS <br><br><br><br><br> Case No. 1:08-CV-02 TS |

This matter comes before the Court on Defendants' Motion to Dismiss.[1]  For the reasons discussed below, the Court will grant the motion and close this case.

I.      Introduction

Plaintiff is Mr. David J. D'Addabbo ("Plaintiff") and Defendants are Special Agent Andrew Austin ("Austin"), Special Agent Matt Richards ("Richards"), and the United States of America (collectively, "Defendants").

In March 2006, Plaintiff was indicted and subsequently arrested for tax crimes.  Plaintiff was arrested at church, and was heavily armed at the time of his arrest.  In his Statement in

---

[1]Docket No. 17.

1

Advance of Plea, he admitted that he threatened to assault Special Agent Richards as he was taken to the Weber County Correctional Facility after his arrest. He eventually pleaded guilty to one count of threatening a federal officer based on his actions during this arrest. Plaintiff waived his right to appeal or collateral review of his sentence, and was sentenced to time served and three years supervised release.

Plaintiff filed this case in First District Court in Cache County, which was later removed to this Court, pursuant to 28 U.S.C. § 2679(d)(2). Plaintiff appears to assert several causes of action arising from the March 2006 arrest, including constitutional and civil rights violations, and several common law torts. Plaintiff named the Office of the Treasury General for Tax Administration ("Tax Administration") as a Defendant, as well as the two Tax Administration Special Agents. This Court granted the Defendants' Motion for Substitution, substituting the United States for the Tax Administration.[2] The Defendants then filed the instant motion.

Defendants assert that dismissal of Plaintiff's claims is appropriate on several grounds. As this motion is disposed of on only two grounds – subject matter jurisdiction and qualified immunity – this Court limits its discussion to these two issues.

II. Discussion

    A. Tort Claims against the United States

Defendants contend that this Court lacks subject matter jurisdiction over Plaintiff's tort claims against the United States because he failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"). Plaintiff contends that dismissing for lack of jurisdiction

---

[2]Docket No. 16.

would be improper, as he filed his case in state court and it was removed to federal court over his objections.

"Under the FTCA, filing an administrative claim with the appropriate federal agency is a prerequisite to bringing a civil action against the United States for damages for the negligence or wrongful act of any United States employee."[3]  Tort claims against the United States are subject to a two-year statute of limitations,[4] and failure to satisfy these timing requirement deprives the district court of subject matter jurisdiction over those claims.[5]  Tort claims must be "presented to the appropriate federal agency within two years of the claim's accrual, and filed within six months after notice of denial of the claim by that agency."[6]

In this case, Plaintiff submits a letter from the Department of the Treasury indicating that TIGTA had received "information related to Special Agents Andrew Austin and Matt Richards."[7]  However, the Court does not read this letter to indicate that Plaintiff has exhausted his administrative remedies under the FTCA and Plaintiff does not represent that a denial of claim by the appropriate federal agency was ever received.  Without more, the Court cannot be assured that Plaintiff has exhausted his administrative remedies, as required under the FTCA.  Plaintiff misapprehends the meaning of jurisdiction in this context.  Therefore, the Court finds that it lacks subject matter jurisdiction over Plaintiff's tort claims against the United States.

---

[3]*Indust. Const. Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994) (citing 28 U.S.C. § 2675(a)).

[4]28 U.S.C. § 2401(b).

[5]*In re Franklin Savings Corp.*, 385 F.3d 1279, 1287 (10th Cir. 2004).

[6]*Id*. (citing 28 U.S.C. § 2401(b)).

[7]Docket No. 19, pg. 62.

B. Tort Claims against Special Agents Austin and Richards

Plaintiff contends that Special Agents Austin and Richards committed 24 separate civil rights violations in connection with Plaintiff's March 2006 arrest, asserting numerous causes of action that sound in tort, including false arrest, kidnapping, and negligent persecution. He also alleges violations of his First, Second and Eighth Amendment Rights. Defendant argues that the Court lacks subject matter jurisdiction over claims of constitutional torts by the agents in the official capacities and that the agents are entitled to qualified immunity in their individual capacities.

1. Official Capacities

"In general, federal agencies and officers acting in their official capacities are also shielded by sovereign immunity."[8] However, the federal government has waived immunity for some tort claims under the FTCA when the claim is "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[9]

The Court finds that Plaintiff's claims do not satisfy all the elements required to waive immunity for suit. Plaintiff has sued the United States, and the agents in their official capacities, for money damages. He claims to have been injured, though provides no details of how or to

---

[8]*Rockefeller v. Bingaman*, 234 Fed.Appx. 852, 855 (10th Cir. 2007) (quoting *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005)).

[9]*F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)).

what extent he suffered injury, other than being incarcerated.  While the Court is mindful that incarceration is unpleasant, Plaintiff does not provide adequate facts to support his claims of injury, nor does he demonstrate that Agents Austin and Richards were responsible for his treatment while incarcerated.  Therefore, Plaintiff's claims against Agents Richards and Austin in their official capacity fail.

2. Individual Capacities

"The defense of qualified immunity is designed not only to shield public officials from liability, but also to ensure that erroneous suits do not even go to trial."[10]  In a qualified immunity case, a plaintiff must show two elements: (1) "that the public official's conduct violated the law . . . . [and] (2) that the law was clearly established when the alleged violation occurred."[11]

In this case, Plaintiff does not meet his burden on the first prong.  Plaintiff complains that the agents arrested him because he engaged in investigations of the IRS and the federal taxation system, however, the March 2006 arrest was based on probable cause.  Plaintiff has admitted in his filings and in his plea agreement that he threatened a federal officer, and it is for this crime that he was arrested.  Plaintiff has not demonstrated that the officers' conduct in arresting him violated the law.  Therefore, the officers are entitled to qualified immunity for their actions in connection with Plaintiff's arrest and Plaintiff's claims against the agents in their individual capacities fail.

---

[10] *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 779 (10th Cir. 1993).

[11] *Id.* (quoting *Pueblo Neighborhoods Health Centers v. Losavio*, 847 F.2d 642, 646 (10th Cir. 1988)).

III.     Conclusion

For the foregoing reasons, the Court finds that Plaintiff failed to avail himself of his administrative remedies required under the FTCA, and that this Court therefore lacks subject matter jurisdiction over Plaintiff's claims, insofar as he complains of common law torts committed against him in the course of his March 2006 arrest.  The Court also finds that Special Agents Austin and Richards are entitled to qualified immunity in both their official and individual capacities for their involvement in Plaintiff's arrest.  It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 17) is granted and the Clerk of Court is directed to close this case forthwith.

DATED   July 15, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge